# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHENGYUE WU,

          Petitioner,

    v.

WARDEN, ADELANTO ICE PROCESING CENTER, et al.,

          Respondents.

No. 5:26-cv-2404-CV-DSR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, Respondents' Answer, Petitioner's Traverse, the Report and Recommendation of the United States Magistrate Judge, and the Court's file and record in this case.  The Court has considered Respondents' May 29, 2026, Objections to Report and Recommendation (Doc. No. 25) and conducted a de novo review of those portions of the Report and Recommendation to which Respondents objected.

Respondents Objections are based on entirely new facts and argument than what Respondents raised in their Answer.  Specifically, Respondents now argue for the first time that Petitioner is subject to a final order of removal dated May 19, 2026, and is therefore subject to mandatory detention under 8 U.S.C. § 1231.  See Objections at 2-3.  They argue that the removal order is "final" because Petitioner waived the right to appeal.  Respondents had not provided that information to the

Court prior to the issuance of the Report and Recommendation, however, which they admit in their Objection.  Id. at 2.

The District Court has discretion whether to consider new evidence or argument offered for the first time in an objection to a Magistrate Judge's Report and Recommendation.  See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000); Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002).  The Court finds on the facts and circumstances here, such consideration is not appropriate.  Respondents are sophisticated parties represented by counsel – the Office of the United States Attorney no less.  While the new facts on which their new argument is based did not occur until May 19th, six days after they filed their Answer, they are new facts created by Respondents themselves via the hearing in Immigration Court.  Even if they did not know what the result of the May 19th hearing would be when they filed their Answer, they likely knew that the hearing would happen and that this development was possible.  Yet Respondents mentioned nothing about it in their Answer.  More importantly, those new facts were certainly available to Respondents when the immigration hearing concluded on May 19th.  This was before Petitioner's Reply was due, and more than a week before the entry of the Report and Recommendation.  During that time, Respondents filed their Notice of Intent to Remove Petitioner (Doc. No. 13 on May 22nd) but never sought leave to raise this new argument in a supplemental Answer to the Petition.  Only after Petitioner filed his Traverse, and after the Court issued its Report and Recommendation, did Respondents raise this argument.  Under these circumstances, the Court exercises its discretion not to consider the new facts and arguments raised for the first time in Respondents' Objections to the Report and Recommendation.

Having thus conducted a de novo review required under 28 U.S.C. § 636, Respondents' Objections do not cause this Court to alter or modify the Report and

2

Recommendation.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus is GRANTED and:

(A) Respondents shall immediately release Petitioner **CHENGYUE WU (A-number 246-723-084)** from custody, reinstate his release under the same conditions that were in place before his detention on July 8, 2025, and return to him any personal property and documents seized at the time of his detention;

(B) Respondents shall also provide Petitioner with a copy of this Order and the Report and Recommendation at or near the time of release; and

(C) Respondents shall, within two days of the date of this Order, file a status report confirming Petitioner's release and return of his personal property and documents.

Judgment shall be entered on a separate form concurrently herewith.  The Clerk shall serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on Petitioner, Petitioner's counsel, and on counsel for Respondents.

IT IS SO ORDERED.

DATED: June 1, 2026

_Cynthia Valenzuela_
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

3